UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| OUT IN THE WOODS, LLC D/B/A ROCKY TOP MOUNTAIN COASTER, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 3:23-CV-00208-JRG-DCP |
| HARRY KAUFHOLD D/B/A SUPERIOR LED DISPLAYS and D/B/A SUPERIOR SIGNS & LED DISPLAYS and CHANCE GENGO D/B/A SUPERIOR LED DISPLAYS and D/B/A SUPERIOR SIGNS & LED DISPLAYS, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This diversity action is before the Court on Plaintiff's motions for default judgment [Docs. 20, 21]. Also before the Court is Defendants' pro se motion to set aside entry of default [Doc. 22] and accompanying supplement [Doc. 24]. As discussed below, Defendants' motion to set aside will be granted and Plaintiff's motions for default judgment will be denied as moot.

### I.  BACKGROUND

On May 15, 2023, Plaintiff initiated this lawsuit against Defendants, alleging breach of contract and related claims. [Doc. 1]. Despite numerous attempts, Plaintiff was unable to successfully serve Defendants, and on August 9, 2023, Plaintiff filed a motion to extend the deadline for service of process and allow service by email. [Doc. 12]. On September 15, 2023, the Magistrate Judge granted Plaintiff a 45-day extension to effect electronic service, reasoning that Plaintiff had diligently tried to serve Defendants and based on evidence in the record, Defendants likely had actual knowledge of the suit. [Doc. 13 at 6–9]. In accordance with the Magistrate Judge's

order, Plaintiff served Defendants at their company email addresses on the 18th, 20th, and 22nd day of September, 2023. [Docs. 14, 15].

After Defendants failed to file a timely response to the complaint, Plaintiff applied for entry of default against both Defendants. [Docs. 16, 17]. The Clerk granted Plaintiff's applications on November 15, 2023. [Docs. 18, 19]. Plaintiff then moved for a default judgment on January 4, 2024 [Docs. 20, 21].

On January 10, 2024, Defendants, acting pro se, filed a joint motion to set aside the entry of default, requesting an extension of time to answer the complaint. [Doc. 22]. Plaintiff responded in opposition. [Doc. 23]. Defendants supplemented their motion to set aside [Doc. 24], Plaintiff responded [Doc. 25], and Defendants replied [Doc. 26]. Defendant Chance Gengo then filed his own supplement to the motion to set aside, expressing a desire to represent himself. [Doc. 27].

## II. LEGAL STANDARD

A district court may set aside an entry of default for "good cause." Fed. R. Civ. P. 55(c). To determine whether good cause exists, courts consider three factors: "(1) whether culpable conduct of the defendant led to the default, (2) whether the defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced." *Burrell v. Henderson*, 434 F.3d 826, 831 (6th Cir. 2006) (citing *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)).

These factors are applied leniently, in favor of the defendant, to reflect the "strong preference for trial on the merits in federal court." *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986); *see also United Coin Meter Co. v. Seaboard Coastline Railroad*, 705 F.2d 839, 845 (6th Cir. 1983) ("Judgment by default is a drastic step which should be resorted to only in the most extreme cases."). The presence of a meritorious defense and prejudice to the plaintiff are the two most important factors. *United States v.*

*$22,050.00 U.S. Currency*, 595 F.3d 318, 324–25 (6th Cir. 2010); *see also Berthelsen v. Kane*, 907 F.2d 617, 618 (6th Cir. 1990) (setting aside entry of default and default judgment because even though the defendant actively evaded service of process, the plaintiff failed to show that he would be prejudiced by reopening the case and the defendant had a meritorious defense). Indeed, "a district court abuses its discretion in denying a motion to set aside an entry of default when [the meritorious defense and prejudice factors] favor setting aside the entry." *Marbly v. City of Southfield*, 9 F. App'x 362, 364 (6th Cir. 2001) (citing *Shepard Claims Serv., Inc.*, 796 F.2d at 194).

### III. DISCUSSION

Defendants assert that they "want to come in and represent [themselves] and explain [their] side of the case." [Doc. 22]. Requesting additional time to answer the complaint, they claim that they "were never served legally or have [their] signatures on any legal documents for this case." [*Id.*]. Plaintiff maintains that there is not good cause to set aside the entry of default because Defendants are culpable, they lack any meritorious defense, and Plaintiff would be prejudiced if the entry of default is set aside. [Doc. 23 at 5–6].

#### A. Culpability

"To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Shepard Claims Serv., Inc.*, 796 F.2d at 194. Here, the record strongly suggests that Defendants had knowledge of Plaintiff's lawsuit suit and recklessly or intentionally thwarted these proceedings. Plaintiff's counsel reports that in June 2023, she received a call from a local attorney who stated he was considering representing Defendant Kaufhold in this suit. [Doc. 23 at 2]. That same month, a process server left notices at Defendants' residence on six different occasions. [Doc.

12-1 at 3, 9–15]. In July 2023, two return receipts for certified mailings of the summons and complaint were signed by a "Katelynn Kaufhold," who is a known associate of Defendant Gengo. [*Id.* at 23, 24; Doc. 12-2]. And post office tracking information shows that two other such mailings were "refused by addressee." [Doc. 12-1 at 30–33]. Furthermore, on three successive days in September 2023, Defendants were served with process at their workplace email addresses with a subject line that read "COURT ORDERED SERVICE OF PROCESS UPON HARRY KAUFHOLD AND CHANCE GENGO." [Docs. 14, 15].

Defendants contend that they have not intentionally avoided service. [Doc. 24]. In support of this argument, they assert that they travel frequently for work and "[n]ot one time did the Process Server come to [their] address and leave [a]ny [i]ndication of them on [their] property." [*Id.*]. Defendants also maintain that they did not receive any notice of process by certified mail, claiming that Katelynn Kaufhold misplaced the mailings she received, and the other mailings may have been misdelivered or redirected to the post office due to highway construction. [*Id.*; Doc. 26 at 1]. Moreover, Defendants claim that they did not "personally" receive the electronic service because they have "multiple people checking emails while [they] travel and install jobs." [Doc. 24]. Finally, Defendant Gengo, writing separately, asserts that he did not respond to this lawsuit because he is only an employee of Superior LED Displays and did not believe he could be sued. [Doc. 27].

Defendants' explanations for why they lacked knowledge of this lawsuit are not credible. And the Court finds that Defendants are culpable in causing the default. Hence, this factor weighs against them.

### B. Meritorious Defense

Likelihood of success on the merits is not the measure of whether the defendant presents a meritorious defense. *United Coin Meter Co.*, 705 F.2d at 845 (citation and internal quotation marks

omitted). "Rather, if any defense relied upon states a defense good at law, then a meritorious defense has been advanced." *Id.* (citation omitted). "The key consideration is to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Invst Fin. Grp. v. Chem-Nuclear Sys.*, 815 F.2d 391, 399 (6th Cir. 1987) (citation and internal quotation marks omitted).

According to the Complaint, Defendants sold Plaintiff defective and/or unsuitable LED signs and equipment and violated the warranties on those products by failing to perform timely repairs and attempting to change the warranties' terms. [Doc. 1 ¶¶ 11–44]. Defendants raise several arguments in their defense. Specifically, Defendants claim they were willing to make repairs, but Plaintiff refused to wait for the necessary parts to be ordered; that one of the LED screens which Plaintiff claims was defective functioned properly prior to its removal by Plaintiff; and that they did not mislead Plaintiff into purchasing unsuitable equipment. [Docs. 22, 24, 26]. In addition, Defendant Gengo denies liability on the ground that he is an employee with no ownership interest in the LED business. [Doc. 27].

While Defendants' arguments may not address the entirety of the accusations against them, there is some possibility that the outcome of the case after trial would be more favorable to them than a default. Therefore, Defendants have met the low bar required for showing a meritorious defense. This factor weighs in favor of setting aside the entry of default.

### C. Prejudice

To be considered prejudicial, the setting aside of a default must "result in tangible harms such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud and collusion." *Thompson v. Am. Home Assurance Co.*, 95 F.3d 429, 433–34 (6th Cir. 1996) (citation omitted). Notably, the prejudice inquiry focuses on "the future prejudice that will result from

[setting the default aside] rather than past harms by the defendant." *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 842 (6th Cir. 2011) (citing *Berthelsen*, 907 F.2d at 620–21). Hence, delay, in and of itself, is not sufficient to show prejudice. *Id.* "Nor does increased litigation cost generally support entry of default." *Id.* (citing *$ 22,050.00* at 325).

According to Plaintiff, Defendants' lack of respect for the judicial process creates "a heightened risk that assets may be diverted and relevant evidence may be or has already been destroyed." [Doc. 23 at 6]. However, Plaintiff has not identified any evidence that may be lost. Nor has Plaintiff shown that it will have increased difficulties obtaining discovery or that Defendants will have a greater opportunity for fraud and collusion. Undoubtedly, Defendants' unresponsiveness to this suit caused Plaintiff to suffer increased litigation costs. However, those costs have already been incurred and the prejudice inquiry is forward-looking. Because Plaintiff has not identified any tangible future harm that will result from setting aside the default, this third factor, prejudice, weighs in favor of granting Defendants' motion.

## IV. CONCLUSION

The Court does not condone Defendants' apparent evasion of service. Nevertheless, their potentially meritorious defenses, the absence of prejudice to Plaintiff, and the strong policy in favor of deciding cases on their merits establish good cause for setting aside the entry of default. Therefore, Defendants' motion for additional time to answer the complaint [Docs. 22, 24] is **GRANTED**. The Clerk's entries of default [Docs. 18, 19] are **VACATED** and Plaintiff's motions for default judgment [Docs. 20, 21] are **DENIED AS MOOT**.

Defendants are hereby **ORDERED** to answer or otherwise respond to the complaint within fourteen (14) days of the entry of this Order. Defendants are **ADVISED** that the Court will not look favorably on additional requests for extensions of time.

6
Case 3:23-cv-00208-JRG-DCP   Document 28   Filed 05/21/24   Page 6 of 7   PageID #: 288

So ordered.

ENTER:

                                                s/J. RONNIE GREER
                                       UNITED STATES DISTRICT JUDGE